**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                          4:05-CR-00154-01-SWW

**PIERRE BELL**

**ORDER**

Pending is Defendant's Motion to Reduce Sentence (Doc. No. 86) under 18 U.S.C. § 3582.

On July 17, 2007, Defendant was sentenced to 204 months for possession with intent to distribute crack cocaine and two firearms charges.[1] On September 8, 2008, following the first retroactive crack sentencing reduction, Defendant's sentence was reduced to the statutory minimums of 180 months.[2]

Only defendants currently serving sentences determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible under Amendment 750. However, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be less than the statutory minimum. In such cases, the defendant is not entitled to a sentence reduction based on the Guideline Amendments[3] -- except

---

[1] See Doc. Nos. 62, 63. Defendant received 144 months on Count 1 and 120 months on Count 3. For Count 2 he received a statutory 60 months consecutive to Count 1 and 3.

[2] See Doc. No. 70. Count 1 was reduced to the statutory minium of 120 months. Counts 2 and 3 remained the same.

[3] See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

in some cases where a defendant previously received a reduction for substantial assistance under either Rule 35 or U.S.S.G. 5K1.1.[4]

Since Defendant was sentenced to the statutory minimum, and did not receive a reduction for substantial assistance, he is not entitled to a reduction under the Guidelines amendment.[5]

To the extent that Defendant is requesting relief under the Fair Sentencing Act ("FSA"), the motion is denied. Since neither Defendant's conduct nor sentencing occurred after the FSA was enacted on August 3, 2010, the FSA does not apply to his case.[6]

Accordingly, Defendant's Motion to Reduce Sentence (Doc. No. 86) is DENIED.

IT IS SO ORDERED this 15th day of November, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] U.S.S.G. § 1B1.10(b)(2).

[5] See the United States Sentencing Commission's "Reader-Friendly" Version of the Final 2011 Guideline Amendment Implementing the Fair Sentencing Act, *available at* http://www.ussc.gov/Meetings_and_Rulemaking/Materials_on_Federal_Cocaine_Offenses/20110428_RF_Amendments_Pages.pdf

[6] *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011) (holding that the FSA was not retroactive and did not apply to a defendant who was sentenced before it became effective). The recent decision in *Dorsey v. United States*, 132 S. Ct. 2311 (2012) does not affect this case, since it dealt with defendants who were sentenced *after* the FSA became effective.